# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1858 | **DATE** | 10/24/2002 |
| **CASE TITLE** | ONETA S. COLE vs. U.S. CAPITAL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants', AutoNation USA Corporation's, U.S. Capital, Inc.'s, and Jerry Gleason Chevrolet, Inc.'s, motions to dismiss are granted. All pending dates and motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 25 2002 | |
| | Notified counsel by telephone. | date docketed | 27 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| ONETA S. COLE, ) | |
| ) | Case No. 02 C 1858 |
| Plaintiff, ) | |
| ) | Honorable John W. Darrah |
| v. ) | |
| ) | |
| U.S. CAPITAL, INC.; AUTONATION ) | |
| USA CORPORATION; and JERRY ) | |
| GLEASON CHEVROLET, INC.; ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Oneta S. Cole ("Plaintiff"), has filed a single-count amended complaint against Defendants, U.S. Capital, Inc. ("U.S. Capital"), AutoNation USA Corporation ("AutoNation"), and Jerry Gleason Chevrolet, Inc. ("Gleason"), alleging violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 (2002). U.S. Capital, AutoNation, and Gleason (collectively "Defendants") move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the amended complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' Motions to Dismiss are granted.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143

F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For the purposes of this motion to dismiss, the following allegations are taken as true.

Plaintiff is a citizen of Illinois. U.S. Capital is a corporation located in Huntington Beach, California. AutoNation is a Florida corporation that owns and operates car dealerships throughout the United States, including Illinois. Gleason is an Illinois corporation that operates a car dealership in Forest Park, Illinois and is owned by AutoNation.

In early December 2001, Plaintiff received a promotional credit card, a flyer, and an envelope in the mail. Plaintiff had not requested a credit card and it was not a replacement for any other credit card Plaintiff had. The flyer stated that the sender had accessed Plaintiff's credit report without her consent.

The flyer that was mailed to Plaintiff is attached as Exhibit A to the amended complaint.[1] The flyer states, in part,

> Due to recent improvements in your credit history, you have been pre-approved to participate in an exclusive offer from U.S. Capital and Jerry Gleason Chevrolet. This

---

[1] "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed.R.Civ.P. 10(c).

is your opportunity to receive a Visa or MasterCard with limits up to $2000 as well as up to $19,500 in AUTOMOTIVE CREDIT! Due to the nature of this offer you **must respond before Saturday, December 8, 2001!** ACTIVATE NOW IN TIME FOR HOLIDAY SHOPPING!

## MAKE NO PAYMENTS UNTIL 2002!

*PLUS* . . . your pre-approved auto loan status allows you to **CHOOSE FROM A NEW OR PRE-OWNED VEHICLE** . . . the choice is yours! Jerry Gleason Chevrolet, part of a national automotive retail chain, has **THOUSANDS OF VEHICLES TO CHOOSE FROM.** Nearly EVERY MAKE & MODEL is available to you! And as part of this promotion you can purchase now and MAKE NO PAYMENTS UNTIL 2002!

## ACTIVATE YOUR PRE-APPROVAL TODAY!

(Am. Compl. Ex. A.) The flyer also states that Gleason Chevrolet is an AutoNation Company. (Am. Compl. Ex. A.) The fine print at the very bottom of the flyer states

> We have determined that you meet our initial criteria for inclusion in this special credit offer. Because it is an exclusive opportunity we could not offer it to every one [sic]. You were selected based on information obtained from your consumer report from Trans Union L.L.C., and final acceptance is subject to your ability to meet our full eligibility requirements. Your monthly car payment cannot exceed 50% of your gross income (before taxes). All bankruptcies must be discharged. You must prove one-year residence and one year employment. You must be at least 18 years of age and your annual income must be $18,000 per year or higher. Security of credit can affect down payment and APR. Dealer has the right to determine down payment, terms and specific vehicle. This credit offer is not valid if a current credit report shows you are currently involved in a bankruptcy or foreclosure, have excessive tax liens or there has been a credit deterioration. Lender reserves the right to require consumer to pay off currently financed vehicle and may require consumer to increase down payment, which will affect equity and collateral. In any event, you are guaranteed to receive a credit line of at least three hundred dollars for the purchase of a vehicle, GRSI, Coral Springs, FL. If at the time of offer consumer no longer meets the initial criteria, offer may be revoked. We hope you are pleased with the opportunity it affords. If you prefer that your name be omitted from future offerings, please contact Trans Union, Marketing Opt Out, and PO BOX 97328. Jackson, MS 39288-7328 or call 1-888-546-8688. CREDIT CARD DISCLAIMER: Customer agrees and authorizes U.S. Capital Financial Services to act as agent to obtain for the customer a credit card. Guaranteed approval is neither expressed nor implied. Interest rates may vary from 2.9% to 24.9% based on individual credit worthiness and lenders credit parameters. Customer agrees to hold harmless the named automobile dealer, U.S. Capital Financial Services and the marketing company and/or its agents for any actions or claims regarding credit card acceptance, terms of acceptance,

denials or any marketing of this promotion. Customer required to complete application, see application for terms and conditions. Subject Final Lender Approval.

(Am. Compl. Ex. A.)

## **DISCUSSION**

Defendants move to dismiss, arguing Plaintiff cannot state a claim upon which relief can be granted because the flyer that was mailed to her reflects a firm offer of credit, which is a permissible purpose for obtaining a consumer report under the FCRA. Additionally, AutoNation argues that it is not a proper party because it does not own Gleason.

The FCRA requires

> consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b). The FCRA also imposes on consumer reporting agencies the duty to maintain reasonable procedures to avoid violations of the FCRA, limit furnishing consumer reports to permissible purposes enunciated by the FCRA, and "assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(a),(b).

> The FCRA applies to the actions of consumer reporting agencies and entities requesting credit information. . . . Thus, any individual who negligently fails to follow the provisions of the FCRA is potentially liable for actual damages, costs, and attorney's fees. . . . In addition, any person who willfully or knowingly fails to comply with the FCRA may also be liable for punitive damages.

*Swift v. First USA Bank*, No. 98 C 8238, 1999 WL 965449, at *2 (N.D. Ill. Sept. 30, 1999) (internal citations omitted).

The FCRA lists permissible purposes for which a party may obtain a consumer credit report

-4-

without the consumer's consent or knowledge. Section 1681b provides, in pertinent part, that:

> A consumer reporting agency may furnish a consumer report relating to any consumer . . . in connection with any credit or insurance transaction that is not initiated by the consumer only if –
> (A) the consumer authorizes the agency to provide such report to such person; or
> (B)(i) the transaction consists of a firm offer of credit or insurance;
> (ii) the consumer reporting agency has complied with subsection (e) of this section; and
> (iii) there is not in effect an election by the consumer, made in accordance with subsection (e) of this section, to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph.

15 U.S.C. § 1681b(c)(1)(A),(B). Section 1681a provides that:

> [t]he term "firm offer of credit or insurance" means any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer, except that the offer may be further conditioned on one or more of the following:
> (1) The consumer being determined, based on information in the consumer's application for the credit or insurance, to meet specific criteria bearing on credit worthiness or insurability, as applicable, that are established –
> (A) before selection of the consumer for the offer; and
> (B) for the purpose of determining whether to extend credit or insurance pursuant to the offer.

15 U.S.C. § 1681a(l)(1)(A)(B) (footnote omitted).

Plaintiff alleges that (1) she received a promotional credit card, a flyer and an envelope in the mail; (2) Defendants are responsible for sending her these materials; (3) the flyer stated it had accessed her credit report; (4) she had not authorized anyone to do so; and (5) sending her the materials does not constitute a permissible purpose under the FCRA. (Am. Compl. ¶¶ 7-11.) The flyer, attached as Exhibit A, also states in the fine print that "you are guaranteed to receive a credit line of at least three hundred dollars for the purchase of a vehicle."

The allegations in the amended complaint do not reasonably support the inference that

Defendants did not obtain Plaintiff's consumer credit report for a permissible purpose. Rather, the allegations in the amended complaint reasonably support the inference that Defendants obtained Plaintiff's credit report for the purpose of extending her a "firm offer of credit", a permissible purpose under the FCRA. The flyer stated that Plaintiff was "guaranteed a credit line of at least three hundred dollars" to purchase a vehicle, which means that Plaintiff would receive a credit line of $300.00 or more. This language clearly offers Plaintiff a credit line of $300.00 or more. The flyer states that Plaintiff was determined to have met the initial criteria for inclusion in the offer. Furthermore, that language, coupled with the language that Plaintiff was "guaranteed" a credit line of $300.00 or more, demonstrates that the offer of a credit line of $300.00 or more would be honored as required by the FCRA. None of the allegations in the amended complaint reasonably support the inference that this offer would not have been honored.

Moreover, Plaintiff's argument that a $300.00 credit line is too paltry a sum to be a "firm offer of credit" is unpersuasive. The complaint does not allege the $300.00 credit line to be a sham nor is any such inference present in the mailing. Defendants offer a credit line of "at least" $300.00 which means $300.00 or more. This offer is consistent with the FCRA which permits conditioning a firm offer of credit on "the consumer being determined, based on information in the consumer's application for the credit . . . to meet specific criteria bearing on credit worthiness . . . that are established . . . before selection of the consumer for the offer; and . . . for the purpose of determining whether to extend credit or insurance pursuant to the offer." 15 U.S.C. § 1681a(l)(1)(A),(B) (footnote omitted). Thus, some consumers will be qualified for higher lines of credit than others based on their credit worthiness.

Because Defendants obtained Plaintiff's credit report for a permissible purpose under the

FCRA, Plaintiff's amended complaint is, therefore, dismissed and the Court need not reach AutoNation's argument that it is not the owner Gleason.

## CONCLUSION

For the reasons stated herein, Defendants', AutoNation USA Corporation's, U.S. Capital, Inc.'s, and Jerry Gleason Chevrolet, Inc.'s, Motions to Dismiss are granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: October 24, 2002