# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1858 | **DATE** | 1/16/2003 |
| **CASE TITLE** | ONETA S. COLE vs. U.S. CAPITAL, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing held and continued to 3/4/03 at 9:00 a.m. Enter Memorandum Opinion And Order. Plaintiff's motion to reconsider is denied. Plaintiff's motion for leave to amend is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 21 2003 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| ONETA S. COLE, | ) |
| | ) Case No. 02 C 1858 |
| Plaintiff, | ) |
| | ) Honorable John W. Darrah |
| v. | ) |
| | ) |
| U.S. CAPITAL, INC.; AUTONATION USA CORPORATION; and JERRY GLEASON CHEVROLET, INC.; | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Oneta S. Cole ("Plaintiff"), moves for reconsideration of the Court's October 24, 2002 decision granting Defendants', U.S. Capital, Inc.; AutoNation USA Corporation; and Jerry Gleason Chevrolet, Inc.'s ("Defendants"), motion to dismiss on the ground that Defendants had made a "firm offer of credit" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). For the reasons that follow, Plaintiff's Motion for Reconsideration is denied, and Plaintiff's Motion for Leave to Amend is granted.

## LEGAL STANDARD

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party . . . or has made a decision outside the adversarial issues presented to the Court by the parties . . . or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting

-1-



*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 841, 844 (N.D. Ill. 1998).

## ANALYSIS

Plaintiff requests that this Court reconsider its decision of October 24, 2002. In a Memorandum Opinion and Order, this Court granted Defendants' Motion to Dismiss, holding that the allegations in the amended complaint reasonably supported the inference that Defendants had obtained Plaintiff's credit report for the purpose of extending her a "firm offer of credit", a permissible purpose under the FCRA. Plaintiff argues that (1) the Court failed to address her principal argument that no offer was made because the terms were insufficient to permit acceptance and that the offer was inherently ambiguous, (2) the offer was not "clear and conspicuous", and (3) the offer of a credit line of $300.00 or more was too small to constitute a "firm offer of credit". Plaintiff requests that the Court hold that Defendants did not make a "firm offer of credit" or, in the alternative, grant Plaintiff leave file a second amended complaint alleging the offer to be a sham.

Each of the arguments that Plaintiff asserts were raised in Plaintiff's opposition to Defendants' Motion to Dismiss. Although some of these issues were not explicitly discussed in the earlier Memorandum Opinion and Order dated October 24, 2002, the Court considered all of the

issues raised in opposition to the Motion to Dismiss at that time. "A district court is not required to specifically address [in its opinion] each and every [fact] asserted . . . ." *Shannon v. Saks & Co.*, No. 94 C 1793, 1995 U.S. Dist. Lexis 9324, at *6 (N.D. Ill. July 3, 1995). Plaintiff's motion to reconsider merely restates arguments previously rejected by the Court and, therefore, is denied. *See Sikora*, 18 F. Supp. at 844. Plaintiff is granted leave to file a second amended complaint *instanter*.

## CONCLUSION

For the reasons stated herein, Plaintiff's, Oneta S. Cole's, Motion to Reconsider is denied. Plaintiff's Motion for Leave to Amend is granted.

**IT IS SO ORDERED.**

Date: January 16, 2003

John W. Darrah, Judge
United States District Court