# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1858 | **DATE** | 8/13/2003 |
| **CASE TITLE** | ONETA S. COLE vs. U.S. CAPITAL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants', AutoNation USA Corporation and Jerry Gleason Chevrolet, Inc.'s motion for sanctions is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | AUG 14 2003 | | |
| ✓ | Docketing to mail notices. | date docketed | | 58 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 AUG 13 PM 6:44 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | |
|---|---|
| ONETA S. COLE, ) | |
| ) | Case No. 02 C 1858 |
| Plaintiff, ) | |
| ) | Honorable John W. Darrah |
| v. ) | |
| ) | |
| U.S. CAPITAL, INC.; AUTONATION ) | |
| USA CORPORATION; and JERRY ) | |
| GLEASON CHEVROLET, INC., ) | |
| ) | |
| Defendants. ) | |

DOCKETED AUG 1 4 2003

## MEMORANDUM OPINION AND ORDER

Defendants, AutoNation USA Corporation and Jerry Gleason Chevrolet, Inc. (collectively "Defendants"), move for sanctions pursuant to Federal Rule of Civil Procedure 11. For the reasons that follow, Defendants' Motion for Sanctions is denied.

## BACKGROUND

Plaintiff, Oneta S. Cole ("Plaintiff"), filed a single-count amended complaint against Defendants, U.S. Capital, Inc. ("U.S. Capital"); AutoNation USA Corporation ("AutoNation"); and Jerry Gleason Chevrolet, Inc. ("Gleason"), alleging violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 (2002), when U.S. Capital and Defendants accessed her credit report without her consent in early December 2001. The Defendants moved to dismiss the amended complaint for failure to state a claim upon which relief may be granted. The Court granted Defendants' Motions to Dismiss, holding that Defendants had obtained Plaintiff's credit report for a permissible purpose under the FCRA, namely, the extension of a "firm offer of credit". *Cole v. U.S. Capital, Inc.* (*Cole I*), No. 02 C 1858, 2002 WL 31415736, at *4 (N.D. Ill. Oct. 24, 2002). The Court further noted that "Plaintiff's argument that a $300.00 credit line is too paltry a sum to be a



'firm offer of credit' is unpersuasive. The complaint does not allege the $300.00 credit line to be a sham nor is any such inference present in the mailing." *Cole I*, 2002 WL 31415736, at *4.

Plaintiff then moved for reconsideration of the Court's Order, arguing that (1) the Court failed to address her principal argument that no offer was made because the terms were insufficient to permit acceptance and that the offer was inherently ambiguous, (2) the offer was not "clear and conspicuous", and (3) the offer of a credit line of $300.00 or more was too small to constitute a "firm offer of credit". The Court denied Plaintiff's Motion for Reconsideration because it "merely restate[d] arguments previously rejected by the Court" and granted Plaintiff leave to file a second-amended complaint *instanter*. *Cole v. U.S. Capital, Inc.* (*Cole II*), No. 02 C 1858, 2003 WL 151946, at *1 (N.D. Ill. Jan. 21, 2003).

On January 28, 2003, Defendants sent Plaintiff a letter, asking Plaintiff to withdraw the second-amended complaint because it failed to add any factual allegations that could overcome the Court's previous ruling that the flyer was a "firm offer of credit" and contained legal conclusions that the Court had rejected. Plaintiff did not withdraw the second-amended complaint; and, on February 25, 2003, Defendants filed a Motion for Sanctions. The Court entered and continued the Motion for Sanctions, pending the resolution of U.S. Capital's and Defendants' Motions to Dismiss the Second-Amended Complaint.

The second-amended complaint was identical to the first-amended complaint except for the following additional allegation: the flyer did not qualify as a "firm offer of credit" because it (1) was "a sham 'made to justify the obtention [sic] of credit report rather than with the expectation that any significant numbers of consumers will obtain such minimal lines of credit'; (2) is too vague and lacking in essential terms to be capable of acceptance; (3) is ambiguous or mutually inconsistent; (4)

constitutes an option to withdraw by reserving the right to require the consumer to pay off any current automobile credit; and (5) is not 'clear and conspicuous' as required by the FCRA." *Cole v. U.S. Capital, Inc.* (*Cole III*), No. 02 C 1858, 2003 WL 21003696, at * 3 (N.D. Ill. Apr. 30, 2003) (quoting Second Am. Compl. ¶ 12). U.S. Capital and Defendants moved to dismiss the amended complaint for failure to state a claim upon which relief may be granted.

The Court granted U.S. Capital's and Defendants' Motions to Dismiss, holding that Defendants had obtained Plaintiff's credit report for a permissible purpose under the FCRA, namely, the extension of a "firm offer of credit." *Cole III*, 2003 WL 21003696, at *5. The Court also noted that "other than the conclusory allegation that the offer of a credit line of $300.00 or more was a sham and included in order to justify obtaining consumer reports, none of the allegations in the second-amended complaint reasonably support the inference that this offer would not have been honored." *Cole III*, 2003 WL 21003696, at * 5. The Court did not reach the issue of whether AutoNation is an affiliate of Gleason. *Cole III*, 2003 WL 21003696, at *5. The Court dismissed the second-amended complaint, noting that "Plaintiff is granted leave to file an amended complaint within fourteen days of the date of this Order if Plaintiff can do so consistent with her obligations under Rule 11 of the Federal Rules of Civil Procedure." *Cole III*, 2003 WL 21003696, at * 6. Plaintiff did not file a third-amended complaint.

## ANALYSIS

Rule 11 provides that a district court may impose sanctions on a party or an attorney that signs a pleading or a motion which is not well grounded in fact and warranted by existing law. Fed.R.Civ.P. 11; *see also Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). "In exercising its discretion, a district court must also bear in mind that such sanctions are to be imposed

sparingly, as they can 'have significant impact beyond the merits of the individual case' and can affect the reputation and creativity of counsel." *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) (quoting *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994)).

Defendants argue that sanctions are appropriate because the second-amended complaint alleged legal conclusions previously rejected by the Court. Defendants argue that, after receiving their letter, Plaintiff should have known that the second-amended complaint could not, as a matter of law, overcome the Court's rulings in *Cole I* and *Cole II*.

Sanctions are not appropriate in this case. Rule 11 provides that, by presenting a pleading to the Court, the attorney is certifying, among other things, that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2). As was noted above, the second-amended complaint alleged that the language in fine print on the flyer did not constitute a "firm offer of credit" because it was not "clear and conspicuous" as required by the FCRA. Another court has held that an allegation that disclosures are not "clear and conspicuous" as required by the FCRA states a claim under the FCRA. *Tucker v. Olympia Dodge of Countryside, Inc.*, No. 03 C 976, 2003 WL 21230604, at *4 (N.D. Ill. May 28, 2003) (citing *Lifanda v. Elmhurst Dodge, Inc.*, 237 F.3d 803, 806 (7th Cir. 2001) (allegations that disclosures are not "clear and conspicuous" under the Truth in Lending Act state a claim upon which relief may be granted)). The allegations in the second-amended complaint were warranted by a nonfrivolous argument for the extension of existing law and were proper under Rule 11. Therefore, sanctions

under Rule 11 are inappropriate[1].

## CONCLUSION

For the reasons stated herein, Defendants', AutoNation USA Corporation and Jerry Gleason Chevrolet, Inc.'s, Motion for Sanctions is denied.

**IT IS SO ORDERED.**

Date: August 13, 2003

John W. Darrah, Judge
United States District Court

---

[1] Defendants also argue that sanctions are proper under Rule 11 because Plaintiff has no basis for bringing a claim against AutoNation. The Court never reached the issue of whether AutoNation was a proper defendant when it addressed the motions to dismiss. Therefore, it would be inappropriate to address this issue at this time or to use this argument as a basis for awarding sanctions.