# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ONETA SAMPSON,                          )
f/k/a ONETA S. COLE,                    )
                                        )
      **Plaintiff,**        )
                                        )    **No. 02 C 1858**
      v.              )
                                        )    **Judge John W. Darrah**
U.S. CAPITAL, INC.,                     )
and JERRY GLEASON CHEVROLET, INC.;      )
                                        )
      **Defendants.**       )

## MEMORANDUM OPINION AND ORDER

Oneta Sampson, formerly known as Oneta Cole, ("Sampson"), filed suit against U.S. Capital, Inc. ("U.S. Capital") and Jerry Gleason Chevrolet ("Gleason Chevrolet"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.*, and a class action suit for others similarly affected by the Defendants ("*Cole* Complaint"). Presently before the Court is Sampson's Motion to Reassign five allegedly related cases pursuant to Local Rule 40.4[1].

### BACKGROUND

A reading of the *Cole* Complaint and of Sampson's motion to reassign supports the following summary of the alleged operative conduct of the parties.

In December of 2001, Sampson received a promotional credit card, a flyer, and an envelope from the Defendants via the United States mail. The promotional credit card was displayed through

---

[1] The allegedly related cases are: (1) *Thomas Murray v. AT&T Wireless Services, Inc.*, No. 04 C 7666; (2) *Nancy Murray v. Sunrise Chevrolet, Inc. & Triad Financial Corporation*, No. 04 C 7668; (3) *Thomas Murray v. Indymac Bank, F.S.B.*, No. 04 C 7669; (4) *Gail Godfrey v. New Rogers Pontiac, Inc.*, No. 04 C 7771; (5) *Nancy Murray v. Cub Shaver Imports Bradley, Inc.*, No. 02 C 7766.

the window of the envelope. The enclosed materials stated that the Defendants had accessed Sampson's consumer report. Sampson contends that she had not authorized anyone to access her consumer report, nor did the materials sent to her constitute a permissible reason for anyone, including the Defendants, to access Sampson's consumer report without her consent. In response, Sampson filed a complaint against U.S. Capital and Gleason Chevrolet.

## LEGAL STANDARD

In reviewing a motion to reassign a case or multiple cases on the basis of relatedness, the moving party must satisfy the requirements of both LR 40.4(a) and 40.4(b). *Hollinger International, Inc. v. Hollinger, Inc.,* 2004 WL 1102327, at *1 (N.D.Ill., May 5, 2004). The court has discretion to reassign the case(s) pursuant to LR 40.4. *Clark v. Ins. Car Rentals Inc.,* 42 F.Supp.2d 846, 847 (N.D.Ill. 1999). Under LR 40.4(a), "[t]wo or more civil cases may be related if": "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; *or* (4) in class action suits, one or more of the classes involved in the cases is or are of the same." LR 40.4. Only one of the above conditions must be met to satisfy LR 40.4(a).

Once the cases are determined to be related under LR 40.4(a), LR 40.4(b) requires more stringent criteria for the case(s) to qualify for reassignment. *See Clark,* 42 F. Supp. 2d at 848. LR 40.4(b) requires that to be reassigned: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier case; *and* (4) the cases are susceptible of disposition in a single proceeding." Under 40.4(b)(2), the judicial savings alleged by

2

the moving party must be *substantial*; a mere assertion that some judicial time and effort would be saved by reassignment is insufficient. *Hollinger International Inc.,* 2004 WL 1102327 at *2 (citing *Lawrence Jaffe Pension Plan v. Household Int'l, Inc.,* 2003 WL 21011757 at *2 (N.D. Ill. May 5, 2003)). Likewise, if the cases will require different discovery, legal findings, defenses or summary judgment motions, it is unlikely that reassignment will result in a *substantial* judicial savings. *See Hollinger International Inc.,* 2004 WL 1102327 at*2; *Donahue v. Elgin Riverboat Resort,* 2004 WL 2495642 at *1 (N.D. Ill. Sept. 28, 2004). Also, cases are rarely susceptible to disposition in one proceeding pursuant to 40.4(b)(4) where the cases involve unique issues of law and fact and those unique characteristics are dominant. *See Machinery Movers, Riggers, and Machinery Erectors, Local 136 Defined Contribution Retirement Fund v. Joseph/Anthony, Inc.,* 2004 WL 1631646 at *4 (N.D.Ill. July 16, 2004) (citing *Clark,* 42 F.Supp.2d at 849); *see also Donahue,* 2004 WL 2495642 at *1 (motion to reassign denied where all cases involved Title VII claims, but each case was based on a unique set of facts different from every other case involved).

In addition, LR 40.4(c) requires that a motion to reassign: "(1) set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a) and (2) indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." These provisions "impose an obligation on the moving party to specifically identify why each of the four conditions under LR 40.4(b) is met." *Machinery Movers,* 2004 WL 1631646 at *3 (N.D. Ill. July 16, 2004); *Lawrence Jaffe Pension Plan,* 2003 WL 21001757 at *3. Thus, a motion for reassignment may be denied if a party fails to sufficiently plead each of 40.4(b)'s requirements. *Machinery Movers,* 2004 WL 1631646 at *3. Finally, motions to reassign

"should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." LR 40.4(c).

## ANALYSIS

The first issue is whether the five other cases are related to the *Cole* complaint under LR 40.4(a). While none of the cases refer to the same property, transaction or occurrence, nor are any of the parties or facts the same in any of the cases, all the cases do deal with a similar provision of the FCRA, namely 15 U.S.C. § 1681m(d). Thus, the cases are related under LR 40.4(a). However, the cases fail to satisfy all of the requisite criteria of LR 40.4(b). While the cases are all pending in this Court and are at approximately the same stage procedurally, Sampson has failed to sufficiently assert how the cases will substantially save judicial resources and how the cases are susceptible of disposition in a single proceeding.[2] Sampson has alleged that the same statutory provision at issue in all six cases will save substantial judicial resources but further acknowledges that there are several legal issues that arise within that provision, such as whether a "clear and conspicuous statement" was issued with each written solicitation and whether or not the Defendants' mailings were "firm offers of credit."

Additionally, Sampson concedes that some of these issues – namely, the firm offer of credit concern – at issue in at least one of the cases and not at issue in the others. Because the facts and parties are unique to each case and will require independent discovery, separate motions for summary judgment, and defenses have already been raised by certain parties in certain cases but not

---

[2] Under Local Rule 40.4(c), these grounds alone are sufficient for denying the Motion for Reassignment, although the Court need not rely on technical grounds for denial here as LR 40.4(b)(2) and 40.4(b)(4) are not satisfied. Likewise, although this motion is premature under 40.4(c), the Court again need not rely on these grounds for denial.

by others, reassigning the cases to one judge will not substantially save judicial resources. Moreover, because each of these cases relies on a different set of facts, a finding in one case would not be dispositive of any issues in the other cases. *See Donahue,* 2004 2495642 at *3. For these same reasons, these cases are not likely to reach disposition in a single proceeding. Therefore, LR 40.4(b)(2) and 40.4(b)(4) are not met. Accordingly, Sampson's Motion to Reassign is denied.

## CONCLUSION

For the reasons stated above, Plaintiff Sampson's Motion to Reassign is denied.

Dated: *March 17, 2005*

JOHN W. DARRAH
United States District Judge